Mateal R. MANGLE

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare.

Civ. A. No. 8445.

United States District Court
W. D. Louisiana,
Alexandria Division.

Sept. 11, 1962.

C. O. Brown, Alexandria, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., Shreveport, La., for defendant.

HUNTER, District Judge.

This is an action under Section 205(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare denying the claim of the now deceased wage earner, Isaiah Mangle, husband of the present plaintiff, for a period of disability and for monthly disability insurance benefits.

Isaiah Mangle filed application for monthly disability insurance benefits on May 12, 1959. He filed his application to establish a period of disability on June 9, 1959. In his first application he stated that he became disabled in 1955 and in his second application he stated that he became unable to work in January of 1958.

His applications reveal that he started working at the Hotel Bentley in Alexandria as a cook and that he was still employed there at the time of filing his applications, and that he was still working

there 48 hours a week at the time he filed the applications.

Mangle's applications were denied and on reconsideration by the Bureau of Old Age and Survivor's Insurance they were again denied.

Isaiah Mangle died November 10, 1959, and his claim has been continued by his widow, the present plaintiff.

On February 7, 1961 the present plaintiff requested a hearing before a hearing examiner but waived her right to appear and give evidence, requesting instead a decision on the evidence before the hearing examiner. The hearing examiner received documentary evidence and rendered a decision on March 29, 1961, holding that plaintiff was not entitled to the disability benefits which had been applied for by Isaiah Mangle.

The decision of the Hearing Examiner became the final decision of the Secretary when the Appeals Council, on July 14, 1961, denied plaintiff's request for a review of the Hearing Examiner's decision.

The question for this Court to determine is whether there is substantial evidence in the record to support the decision of the Secretary that the plaintiff, who had the burden of proof, failed to establish that the deceased wage earner was entitled to a disability freeze under 42 U.S.C.A. § 416(i), or to monthly disability insurance benefits under 42 U.S.C.A. § 423, as of the filing dates of his applications in May and June of 1959, and at such a time as would have allowed him to have met the required six months waiting period prior to his death. This Court has reviewed the record and deems it of paramount importance that the deceased wage earner, by his own admission, worked as a full time cook for the Hotel Bentley in Alexandria from 1938 until the filing of his first application. His employer furnished information to the effect that the deceased wage earner had in fact continued working for him until June 15, 1959 (Tr. 38). It is therefore apparent from the record (Tr. 28 and 38) that at the time of his second application the deceased wage earner was working 48 hours per week and was earning approximately $200 per month. The wage earner contended that he was given special concessions by his employer, and that this enabled him to perform the duties of the job. However, this was denied by his employer (Tr. 38).

Regarding this work, the following excerpts from Social Security regulations are pertinent:

"404.1502   Evaluating disability

\*      \*      \*      \*      \*      \*

"(h) Substantial gainful activity is work activity that is both substantial and gainful. Substantial work activity involves the performance of significant physical or mental duties, or a combination of both, productive in nature. Gainful work activity is activity for remuneration or profit (or intended for profit, whether or not a profit is realized) to the individual performing it or to the persons, if any, for whom it is performed, or of a nature generally performed for remuneration or profit. *In order for work activity to be substantial, it is not necessary that it be performed on a full-time basis; work activity performed on a part-time basis may also be substantial. It is immaterial that the work activity of an individual may be less, or less responsible, or less gainful, than that in which he was engaged before the onset of his impairment.*" (Emphasis added)

"20 CFR 404.1534   Evaluation of earnings from work

"(a) General. Where an individual who claims to be disabled engages in work activities, the amount of his earnings from such activities may be significant in determining whether such activities establish that the individual has the ability to engage in substantial gainful activity. Generally, activities which result in substantial earnings would establish ability to engage in substantial gainful activity; however, the fact that an individual's activities result in

earnings which are not substantial does not establish the individual's inability to engage in substantial gainful activity. * * *

"(b) Earnings at a monthly rate in excess of $100. An individual's earnings from work activities averaging in excess of $100 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity in the absence of evidence to the contrary."

Believing as we do that there is substantial evidence in the record to support the decision of the Secretary, the demands of plaintiff must be rejected. They are.

The Court wishes to comment that although the wage earner did not show that he was entitled to disability benefits during his lifetime, this does not in any way affect the payments now being received under the Social Security law by his wife. Plaintiff's receipt of these benefits, of course, would not have affected any disability benefits, to which the wage earner would have been entitled before age 65, but since neither the wage earner nor plaintiff have demonstrated that the wage earner was entitled to such benefits, it must be concluded that the plaintiff is already drawing the only Social Security benefits to which she is entitled.

The Government's motion for summary judgment should be granted. It is.